1   **WO**

2

3

4

5

6               **IN THE UNITED STATES DISTRICT COURT**

7                 **FOR THE DISTRICT OF ARIZONA**

8

9   JERRY SEKAYUMPTEWA, SR., *et al.*, )      No. CV 11-8005-PCT-DGC
                                       )
10              Plaintiffs,            )
                                       )
11  vs.                                )      **ORDER**
                                       )
12  KENNETH SALAZAR, United States     )
    Secretary of the Interior, *et al*., )
13                                     )
                Defendants.            )
14  _____)

15          Plaintiffs are individual members and villages of the Hopi Tribe.  Doc. 1.  Plaintiffs

16  have filed a complaint seeking to enjoin a Hopi tribal election ordered by the Secretary of the

17  Interior pursuant to 25 U.S.C. § 476 and scheduled to occur on January 27, 2011.  Doc. 1.

18  The election concerns proposed amendments to the Hopi tribal constitution that would,

19  according to Plaintiffs, alter the traditional village organization and divide First Mesa into

20  three distinct villages.  Doc. 3 at 3.

21          Plaintiffs challenge the validity of Hopi tribal council resolution that asked the

22  Secretary to schedule the election.  Plaintiffs allege that the vote on the resolution did not

23  command a majority of the tribal council as required by the Hopi constitution and by-laws.

24  They further contend that seven members of the tribal council were summarily suspended by

25  the tribal chairman before the vote, in violation of tribal law.  Plaintiffs also assert that the

26  proposed amendments violate the existing Hopi constitution.  *Id*. at 3.

27          Plaintiffs note that 25 C.F.R. § 81.5(a) authorizes the Secretary to call an election

28  under § 476 upon a "request from the tribal government," and argue that the tribal council

1    resolution in this case is not a valid request.  As a result, Plaintiffs contend, the Secretary

2    lacked authority to call the election.  Doc. 15 at 4.  They ask the Court to enjoin the election

3    until the merits of their claims can be litigated.  Doc. 3.

4         Defendants Hopi Tribe, Hopi Tribal Council, Chairman LeRoy Shingoitewa, and Vice

5    Chairman Herman Honanie (collectively the "Tribal Defendants") have filed a motion to

6    dismiss.  Doc. 14.  Defendant Secretary of the Interior has filed a response to the preliminary

7    injunction motion that agrees with some arguments made in the Tribal Defendants' motion

8    to dismiss.  Doc. 25.  The Court heard oral argument on the motion to dismiss and the

9    preliminary injunction request on January 20, 2011.  For reasons stated below, the Court will

10   grant in part and deny in part the motion to dismiss, deny the motion for preliminary

11   injunction, and stay this action pending exhaustion of tribal court remedies.

12   **I.    Arguments.**

13        The Tribal Defendants make two primary arguments in support of their motion to

14   dismiss.  First, they assert that this Court lacks subject matter jurisdiction because (1) § 476

15   does not grant a private right of action and the Court therefore lacks federal question

16   jurisdiction, and (2) the Tribe enjoys sovereign immunity.  Doc. 14.  Second, the Tribal

17   Defendants note that Plaintiffs' complaint asks the Court to apply the Hopi tribal constitution

18   and laws to decide an issue of internal tribal governance, and that four other lawsuits

19   concerning the upcoming election, including some that seek to enjoin the election, are

20   currently pending in Hopi tribal courts.  *Id.* at 7-8.  Tribal Defendants argue that even if

21   subject matter jurisdiction exists in this case, the Court should exercise its discretion and

22   decline to get involved in such matters of tribal self-governance.  *Id.* at 14-17.

23        Plaintiffs argue that federal-question jurisdiction exists because § 476(d)(2) provides

24   that "[a]ctions to enforce the provisions of this section may be brought in the appropriate

25   Federal district court."  Doc. 15.  Because Plaintiffs challenge the legality of the Secretary's

26   calling of the election under § 476, they assert that this lawsuit falls within the clear language

27   of § 476(d)(2).  Plaintiffs further assert that the Tribe waived its sovereign immunity by

28   calling for an election under § 476, and that in any case the Tribe is not a necessary and

- 2 -

1    indispensable party here – only the federal defendants are required parties.  Doc. 15.  During

2    oral argument, Plaintiffs argued that the express cause of action provided in § 476(d)(2)

3    eliminates any discretion the Court might have to decline relief in this case.

4    **II.     Analysis.**

5            **A.      Subject Matter Jurisdiction.**

6            Although the parties' briefing and the Court's analysis have been somewhat truncated

7    by the time pressures of the preliminary injunction request, the Court at this point cannot

8    accept the Tribal Defendants' argument that federal law provides Plaintiffs with no cause of

9    action and no basis for federal-court jurisdiction.  On its face, § 476(d)(2) grants a private

10   right of action – "Actions to enforce the provisions of this section may be brought in the

11   appropriate Federal district court."  *Id.*; *accord Thomas v. United States*, 189 F.3d 662, 664-

12   65 (7th Cir. 1999) (citing § 476(d)(2) and stating that it "provides a private right of action to

13   enforce the statutory scheme in federal district court.").  The Tribal Defendants' citations to

14   *Twin Cities Chippewa Tribal Council v. Minnesota Chippewa Tribe*, 370 F.2d 529 (8th Cir.

15   1967), and *Runs After v. United States*, 766 F.2d 347 (8th Cir. 1985), are not persuasive

16   because they were decided before § 476(d)(2) was added to the statute in 1988.  *See* Pub. L.

17   No. 100-581, 102 Stat. 2938 (1988).  Thus, it appears that § 476(d)(2) grants a right of action

18   for issues arising under § 476, and that the right of action constitutes a claim arising under

19   federal law for purposes of federal question jurisdiction under 28 U.S.C. § 1331.

20           **B.      Sovereign Immunity.**

21           The Tribal Defendants argue that the Tribe enjoys sovereign immunity and cannot be

22   sued in this action.[1]  Doc. 14.  Federal law clearly provides that tribal sovereign immunity

23   remains intact unless surrendered by the tribe or Congress in express and unequivocal terms.

24

25   [1] The Tribal Defendants' sovereign immunity argument does not distinguish between the
     Tribe and the other Tribal Defendants (*see* Doc. 14), nor do Plaintiffs (*see* Doc. 15).  Because
26   the individual Tribal Defendants have been sued in their official capacities, the Court's
     decision on sovereign immunity applies to all Tribal Defendants.  *See, e.g., Linneen v. Gila*
27   *River Indian Cmty.*, 276 F.3d 489, 492 (9th Cir. 2002) (sovereign immunity "extends to tribal
28   officials when acting in their official capacity and within the scope of their authority").

1 *Linneen v. Gila River Indian Cmty.*, 276 F.3d 489, 492 (9th Cir. 2002) (quoting *Pan Am. Co.*

2 *v. Sycuan Band of Mission Indians*, 884 F.2d 416, 419 (9th Cir. 1989)).  Plaintiffs argue that

3 the Tribe waived its sovereign immunity by seeking a Secretarial election under § 476.

4 Doc. 15 at 5.  Plaintiffs admitted at oral argument, however, that this was not an express

5 waiver and that they have found no authority to support the proposition that seeking a

6 Secretarial election waives sovereign immunity.  Because there has been no express waiver

7 of the Tribal Defendants' sovereign immunity by the Tribe or Congress, they must be

8 dismissed from this action.

9         **C.**     **Indispensable Party.**

10         Under Federal Rule of Civil Procedure 19, a court must "dismiss a civil action if it

11 lacks personal jurisdiction over any 'necessary' and 'indispensable' party." *Hendricks v.*

12 *Bank of Am., N.A.*, 408 F.3d 1127, 1135 (9th Cir. 2005).  A party is necessary if it "claims

13 an interest relating to the subject of the action and is so situated that disposing of the action

14 in [its] absence may[] as a practical matter impair or impede [its] ability to protect the

15 interest." Fed. R. Civ. P. 19(a)(1)(B).

16         At this stage of the litigation, the federal defendants have not argued that the Tribe or

17 the Tribal Defendants are indispensable parties.  The federal defendants stated at the hearing

18 on January 20, 2011, that they have not made a final decision on this issue.  Plaintiffs argue

19 that the Tribal Defendants are at most interested parties.  Because the issue has not been

20 briefed by the federal defendants, the Court will not address it in this order and will not, at

21 this time, dismiss this action for want of an indispensable party.

22         **D.**     **Discretion Under the Federal Declaratory Judgment Act.**

23         Plaintiffs seek relief under the Federal Declaratory Judgment Act ("FDJA"). Doc. 1.

24 The FDJA states that "[i]n a case of actual controversy within its jurisdiction . . . any court

25 of the United States . . . *may* declare the rights and other legal relations of any interested

26 party seeking such declaration, whether or not further relief is or could be sought."

27 28 U.S.C. § 2201(a) (emphasis added).  The Supreme Court explained in *Wilton v. Seven*

28 *Falls Co.*, 515 U.S. 277 (1995), that the FDJA creates "an opportunity, rather than a duty,

- 4 -

1   to grant a new form of relief to qualifying litigants." *Id*. at 288.  The Court explained that

2   "a district court is authorized, in the sound exercise of its discretion, to stay or to dismiss an

3   action seeking a declaratory judgment before trial or after all arguments have drawn to a

4   close."  *Id*.  Factors to consider when exercising this discretion include the futility of the

5   action, the existence of parallel proceedings that permit the "ventilation" of the issues,

6   avoiding duplicative litigation, avoiding forum shopping and procedural fencing, and other

7   considerations of "practicality and wise judicial administration."  *Id*.; see also *Huth v.*

8   *Hartford Ins. Co. of the Midwest*, 298 F.3d 800, 802-04 (9th Cir. 2002); *Gov't Employees*

9   *Ins. Co. v. Dizol*, 133 F.3d 1220, 1225 & n.5 (9th Cir. 1998) (en banc).[2]

10          **E.     Comity and the Exercise of Discretion.**

11          The Supreme Court held in *Iowa Mutual Ins. Co. v. LaPlante*, 480 U.S. 9 (1987), that

12  "[r]egardless of the basis for jurisdiction, the federal policy supporting tribal self-government

13  directs a federal court to stay its hand in order to give the tribal court a 'full opportunity to

14  determine its own jurisdiction.'" *Id*. at 16 (citation omitted).  "[P]roper respect for tribal legal

15  institutions requires that they be given a 'full opportunity' to consider the issues before them

16  and 'to rectify any errors.'" *Id*.  This principle encompasses "the entire tribal court system."

17  *Id.* at 16, 17.

18          Although Plaintiffs bring this action against the Secretary of the Interior under

19  § 476(d)(2), their claim rests on issues of tribal law and governance.  Plaintiffs ask this Court

20  to determine that the Hopi tribal council's resolution calling for a tribal election on

21  amendment of the tribal constitution violated tribal law.  It is difficult to conceive of a claim

22  more wholly focused on matters of internal tribal law and governance.  Moreover, as noted

23  above, four lawsuits concerning the validity of the tribal council's action and the proposed

24  amendments to the tribal constitution presently are pending in Hopi tribal courts.  A proper

25  respect for the sovereign status of the Hopi Tribe requires that the Court not interfere with

26  _____

27  [2] *Wilton* was a diversity-jurisdiction case and did not directly address FDJA discretion in
    federal-question cases.  Earlier Supreme Court cases confirm, however, that declaratory relief
    sought in the context of federal actions or federal rights is discretionary.  *See Lear Siegler,*

28  *Inc. v. Adkins*, 330 F.2d 595, 599 (9th Cir. 1964) (collecting Supreme Court cases).

1    these ongoing proceedings.  Clearly, the existence of these parallel tribal court proceedings,

2    the need to avoid duplicative litigation, and principles of wise judicial administration warrant

3    a stay of this litigation under the FDJA until the tribal court actions are resolved. *Wilton*, 515

4    U.S. at 288.[3]

5            The Court has grave doubts about whether it should entertain this action even after the

6    tribal court proceedings have been completed.  Not only does this case raise questions of

7    internal tribal governance, but § 476 itself provides Plaintiffs with possible post-election

8    remedies.  But the Court need not decide the larger question of discretionary dismissal now.

9    For present purposes, the Court will deny Plaintiffs' request for preliminary injunctive relief

10   and stay this action pending the outcome of the tribal court actions.

11           **IT IS ORDERED**:

12           1.      The Tribal Defendants' motion to dismiss (Doc. 14) is **granted in part** and

13                   **denied in part**.  Defendants Hopi Tribe, Hopi Tribal Council, Chairman

14                   LeRoy Shingoitewa, and Vice Chairman Herman Honanie are dismissed from

15                   this action.

16           2.      Plaintiffs' request for a preliminary injunction (Doc. 3) is **denied**.

17           3.      This action is stayed pending a resolution of the related tribal court actions.

---

[3] Courts have recognized four exceptions to the requirement of tribal court exhaustion: "where (1) an assertion of tribal jurisdiction is motivated by a desire to harass or is conducted in bad faith, (2) the action is patently violative of express jurisdictional prohibitions, (3) exhaustion would be futile because of the lack of adequate opportunity to challenge the court's jurisdiction, or (4) it is plain that no federal grant provides for tribal governance of nonmembers' conduct on land covered by Montana's main rule." *Burlington N. R.R. Co. v. Red Wolf*, 196 F.3d 1059, 1065 (9th Cir. 1999).  Plaintiffs have not asserted that any of these circumstances exist here.

1      4.     Plaintiffs and the federal defendants shall, by **February 11, 2011**, provide the

2             Court with a joint status report concerning the tribal actions, the status of the

3             parties' dispute, and the availability and pursuit of any post-election remedies

4             by some or all of the Plaintiffs.

5      DATED this 24th day of January, 2011.

David G. Campbell
United States District Judge